```
                  UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF TENNESSEE
                        NASHVILLE DIVISION
```

**ELYSIE J. REID**            )
                              )
**v.**                        )   Civil Action No. 3:14-0069
                              )   Judge Sharp/Knowles
**VERICREST FINANCIAL**       )

## O R D E R

In a previous Order, this case was set for a bench trial on Tuesday, February 10, 2015, beginning at 9:00 a.m. before the Honorable Kevin H. Sharp.  Docket No. 16.  The final pretrial conference is set for **January 27, 2015, at 9:30 a.m. before Magistrate Judge Knowles**, in Courtroom 661, 801 Broadway, Nashville, Tennessee, 37203.  All litigants who will participate in the trial must attend the Final Pretrial Conference.

Litigants shall submit a Joint Proposed Pretrial Order to the Court by **January 16, 2015.**  The Pretrial Order shall contain: (1) a recitation that the pleadings are amended to conform to the Pretrial Order and that the Pretrial Order supplants the pleadings; (2) a statement of the basis for jurisdiction in this Court; (3) a short summary of the Plaintiff's theory (no more than one page); (4) a short summary of the Defendant's theory (no more than one page); (5) a statement of the issues;(6) a succinct statement of the relief sought; (7) a summary of any anticipated evidentiary disputes; and (8) an estimate of the anticipated length of the trial.

The parties shall also submit to the Court by **January 16, 2015,** the following:

(1) witness lists in accordance with Fed. R. Civ. P. 26(a)(3);

(2) exhibit lists in accordance with Fed. R. Civ. P. 26(a)(3); and

(3) stipulations.

By **January 6, 2015**, the parties shall file any motions in limine and any motions objecting to expert testimony. Any responses to such motion shall be filed by **January 16, 2015.**

Expert witness disclosures shall be made timely in accordance with Fed. R. Civ. P. 26(a)(2) or as otherwise ordered by the Court. Expert witness disclosure statements shall not be supplemented after the applicable disclosure deadline, absent leave of Court. No expert witness shall testify beyond the scope of his or her expert witness disclosure statement. The Court may exclude the testimony of an expert witness, or order other sanctions, for violation of expert witness disclosure requirements or deadlines. The shall be no rebuttal expert witnesses, absent leave of Court.

Responses to interrogatories, requests for production and requests for admissions shall be supplemented timely, if necessary, in accordance with Fed. R. Civ. P. 26(e) no later than thirty (30) days before trial, absent leave of Court. The Court may exclude evidence or order other sanctions, for violation of a

duty or deadline to supplement discovery responses.

By **January 16, 2015,** the parties shall file briefs on the types of damages recoverable, and proposed findings of fact and conclusions of law.

At the Final Pretrial Conference, litigants shall be prepared to:

(1) identify and discuss undisputed facts and issues;

(2) discuss the status of discovery;

(3) preview proposed testimony;

(4) discuss expert testimony;

(5) preview proposed exhibits;

(6) discuss motions in limine;

(7) discuss pretrial briefs; and

(8) discuss settlement.

Pre-trial briefs shall be filed seven (7) working days prior to trial.

There shall be no motions to continue filed after the date of the Final Pretrial Conference absent extraordinary circumstances.

IT IS SO ORDERED.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge